MOBLEY V. DUBUQUE GAS LIGHT AND COKE COMPANY, et al.

1. DECREE IN CHANCERY. A court of equity will not make a decree of foreclosure against a defendant, when the bill asks for no decree against such defendant.
2. ANSWER IN CHANCERY. A defendant in chancery is not bound by the answer of his co-defendant, in the absence of fraud, collusion or combination.

<em>Appeal from Dubuque District Court.</em>

SATURDAY, OCTOBER 6.

IN CHANCERY, complainant alleges that on the 16th day of April, 1857, he executed a bond to the Dubuque Gas Light and Coke Company, obligating himself to deed to said Company a certain lot in Dubuque, on condition that the Company would pay him $620 on or before the 6th day of April, 1858,

Mobley v. Dubuque Gas Light and Coke Company, et al.

and $3,728, on or before the 6th day¯of April, 1859; which said sums said Company agreed to pay him as aforesaid; that no part thereof has been paid; that said $620, is due; that the bond has been assigned to one Samuel Ross, and that the other respondents, Benton and Lovell, are in possession and claim the same.

Ross, Benton and Lovell, with the Company, are made respondents, and the prayer is that complainant may have judgment for the $620, with a decree of foreclosure, that the property may be sold and proceeds applied first to the payment of costs; second, to complainants' judgment; and third, in payment of said $3,720, after deducting therefrom a suitable amount for rebate of·interest, (this amount not being due at the time of the commencement of this action.)

The Company answered, disclaiming all interest in the subject matter of the suit, denying it ever promised to pay any of said sums of money or any part thereof, or that said respondent had any interest whatever in said title bond. Benton and Lovell answer that they hold possession of the premises as the managers and conductors of the affairs of the Company, and beyond this have no interest. Ross answers, claiming that he is the owner, &c., setting up fully the circumstances attending the transaction relied upon by complainant in his bill for foreclosure, but which need not (from the view taken of the case in the opinion,) be here referred to at greater length. Complainant replied to the answer of Ross, and to this Ross rejoined. Upon these pleadings the case was submitted without evidence, and upon the hearing the complainant's bill was dismissed; from which ruling he appeals.

*Cooley, Blatchley & Adams* for the appellant.

*Thomas M. Monroe* for the appellee.

WRIGHT, J.—Counsel for complainant fall into the error of treating Ross, and not the Company, as the respondent

against whom he is to have all or the principal relief prayed for in his bill. If the pleadings were framed, or rather the action commenced, so as to entitle him to relief, as thus claimed, we would not be prepared to say that he should not have it. It is, however, nowhere alleged in the bill that Ross made any promise or entered into any agreement with complainant. Complainant does not pretend that he obligated himself to convey the lot to Ross, and that Ross undertook to pay for it. On the contrary, he denies everything of the kind, throughout all of his pleadings, either expressly or by implication. Throughout this entire case he insists that the Company is the debtor and the respondent against whom he is entitled to judgment. And yet, strangely enough, as it seems to us, he insists that because from the pleadings as they stand between him and Ross, he may be entitled to relief as against Ross, (or the Company, if the Company is to be held to the issue as Ross makes it,) therefore there was error in dismissing his bill. The Company denies all collusion or combination with Ross, and all fraud; and there is nothing in the case justifying the conclusion that it should be held or concluded by his answer, or any thing contained in it.

So far then as the present case shows, the Company denies all interest in the property, or the making of the promises charged in the bill. The bill states that complainant made the bond, but there is no pretense that the Company executed a note or notes, or otherwise than verbally, (except as implied from the terms of the bond,) ever promised to make the payments therein recited. The bond is signed by complainant; the Company disclaims all benefit or advantage from it, and denies the promises charged therein. To sustain this charge, no evidence whatever was introduced. And therefore, without looking into other parts of the case, or considering what may be the equities of the transaction between Ross and complainant, upon the facts stated in the pleadings, and an issue properly arising, we conclude that this bill was properly dismissed.

Decree affirmed.